**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF | CASE NO. |
| **MARSHALL ELLZEY, JR.** | **05-11173** |
| DEBTOR | CHAPTER 13
SECTION "A" |

## Reasons for Order

Following a decision of this Court in favor of the debtor, Marshall Ellzey, Colonial Mortgage & Loan Corporation ("Colonial") filed a Notice of Appeal (P-100). Subsequent to that filing, Colonial filed this Motion for Stay pending appeal (P-102). Colonial's Motion sets forth no facts, law, or argument to form a basis for granting a stay of the Court's nonmonetary relief. For the reasons set forth below, the Court will GRANT in part and DENY in part the request for relief.

Federal Bankruptcy Rule 8005 provides:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Federal Bankruptcy Rule 7062(d) provides, in part: "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . The stay is effective when the supersedeas bond is approved by the court." Courts interpret this to give an appellant a stay of a monetary judgment pending appeal as a matter of right, provided a sufficient supersedeas pond is posted. *Hebert v. Exxon Corp.*, 953 F2d 936 (5th Cir. 1992) (*per curiam*).

Local Rule 62.2 states, "a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover interest, costs and award of

damages for delay, unless the court directs otherwise." The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment. *Hebert v. Exxon Corp.*, 953 F2d 936 (5th Cir. 1992) (*per curiam*).

The policy behind supersedeas bonds is to preserve the *status quo* while protecting the non-appealing party's rights pending appeal.

However, when a judgment in an adversary is non-monetary, the appellant is not entitled to a stay of the judgment pending appeal as a matter of right. *Hebert v. Exxon Corp.*, 953 F2d 936 (5th Cir. 1992) (*per curiam*).

Courts have restricted the stay as of right, provided by Rule 7062(d), to judgments for money because a bond may not adequately compensate for a loss incurred as a result of the stay of a non-money judgment.

The judgment in question has two parts. The first part awards monetary damages as a result of Colonial's actions in violation of the discharge injunction. The total monetary damages awarded were $10,000.00. On the posting of a supersedeas bond in the amount of $12,000.00 a stay as to this portion of the judgment will issue.

But the judgment has a second part. The judgment also requires Colonial to return Ellzey's real property free and clear of all liens and encumberances. This portion of the judgment is nonmonetary in nature.

In order to stay the implementation of a non-monetary judgment, the appellant must show:

1. A likelihood of success on the merits;

2. Irreparable injury if the stay is not granted;

3. The absence of substantial harm to the parties if a stay is imposed; and

4. Where the public interest lies.

*Hilton v. Braunskill*, 107 S.Ct. 2113, 2119, 481 U.S. 770, 776, 95 L.Ed.2d 724 (1987); *Ruiz v. Estelle*, 650 F2d 555, 565 (5th Cir. 1981).

The Motion for Stay offered no support for staying nonmonetary relief.  Based on the record of the case, the Court declines to order the relief requested because of the absence of one or more of the above factors.

The facts of this case are undisputed.  The law is also well settled.  Therefore, it is unlikely, in this Court's opinion, that Colonial's appeal will be successful.  On the other hand, Colonial holds Ellzey's real property and without the ability to enforce this judgment, Colonial could alienate or encumber the property while this case is on appeal.

Further, the property in question is Ellzey's former home.  After Hurricane Katrina, the home was destroyed and the house was demolished.  For a period of three years, Ellzey has worked to rebuild on this location.[1]  Ellzey has now obtained a contractor willing to build him a house and finance its construction.  During the course of closing on this contract, Ellzey discovered that Colonial had purchased his lot at foreclosure.  Loss of title not only prohibited Ellzey from rebuilding, but also prohibited the finalization of his loan to build.

The Court finds that Ellzey has already been delayed seven (7) months by Colonial's actions and an appeal will result in many more months time delay. In addition to being denied the ability to construct and occupancy his home, given the present state of the financial markets, it is uncertain if financing will be available to Ellzey after the appeal has run its course.  Finally, Ellzey is elderly and thus delays visit a particularly acute cost on his health and well being.  For these reasons, the court finds that Ellzey will suffer irreparable injury during the delays experienced during any appeal.

---

[1] In testimony given at the hearing on this matter, Ellzey recounted the challenges he has encountered in rebuilding including involvement with a disreputable contractor who absconded with his $30,000 deposit and performed no work.

Finally, the public interest lies in the immediate enforcement of discharge injunctions. debtors are entitled to the fresh start promised by the bankruptcy code without delay.

For the above enumerated reasons, the Court denies in part and grants in part the relief requested. A separate Order will be rendered in accordance with these Reasons.

New Orleans, Louisiana, July 20, 2009.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge